IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **STEPHEN WESTLEY HATFIELD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No. 1:19-00539** |
| v. | ) |
| | ) |
| **DR. THOMAS REED,** | ) |
| | ) |
| **Defendant.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's Motions for Default Judgment (Document Nos. 3 and 4), filed on August 28, 2019, and September 16, 2019. (Document Nos. 3 and 4.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Plaintiff's above Motions.

**PROCEDURAL BACKGROUND**

On July 23, 2019, Plaintiff, acting *pro se*, filed his "42 U.S.C. Section 1983 Civil Action Complaint" ["Complaint"] seeking relief for alleged violations of his constitutional and civil rights pursuant to 42 U.S.C. § 1983.[1] (Document No. 1.) Plaintiff names Dr. Thomas Reed as the sole defendant. (Id.) Plaintiff alleges that Defendant Reed is a state actor because he is employed by Ashland University, who has a contract with Stevens Correctional Center. (Id., pp. 3 – 4.) Plaintiff alleges that on or about June 18, 2019, Defendant Reed violated Plaintiff's "constitutional rights, when he, without due care, defamed and shamed [Plaintiff] with his written and published

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

impulsive and unsubstantiated claim of plagiarism, preventing as it were Plaintiff from continuing in the scope of his life-long dream of someday being able to obtain his baccalaureate degree." (Id., p. 4.) Plaintiff states that on the above date, Defendant Reed gave Plaintiff a grade of 40% (out of a possible 100%) on Homework Assignment 2. (Id., p. 5.) Plaintiff complains that he "received an 'F' for the work he was counting on for an 'A' [and] Defendant Reed coupled this humiliating 'F' grade with the plagiarism allegation." (Id.) Plaintiff asserts that he did not plagiarize because the "assignment clearly was to look-up terms and define them." (Id.) Plaintiff alleges that Defendant Reed "never suggested the homework assignment must be answered in essay form" or that "he would consider it either cheating or plagiarism should one define terms and phrases precisely as they appear in his Music Workbook." (Id., pp. 5 – 6.) Plaintiff explains he was never provided with a Student Handbook setting forth acceptable and unacceptable conduct. (Id.) Therefore, Plaintiff contends that Defendant Reed should not have done the following: (1) "[A]ttacked, charged or convicted [Plaintiff] of plagiarism;" (2) "[B]ullied [Plaintiff] with humiliating language and recording the same, to wit: '. . . this is plagiarism; this is unacceptable at any college; you absolutely cannot do it again;'" and (3) "Essentially threatening [Plaintiff] with dismissal from music class and Ashland University." (Id., p. 6.) Plaintiff further argues that "even if Plaintiff had copied word-for-word the answer to Defendant Reed's HW Assignment 2 from the furnished Music Workbook and sequentially submitted the same directly back to his instructor, he certainly did not publish subject homework assignment to the general public." (Id.) Plaintiff asserts that he "felt left with no alternative but to drop all of his classes and withdraw from any further course of study because of how Defendant Reed destroyed his academic reputation at Ashland University." (Id., p. 8.) Plaintiff concludes that Defendant Reeds' conduct injured "Plaintiff's reputation and otherwise exposed him to mistrust among Ashland University educators, shame among his

classmates, whom are as well his peers at Stevens Correctional Center, and contempt among his Division of Correction supervisors whom manage his daily activities as Law Librarian at Stevens Correctional Center." (Id., p. 10.) Finally, Plaintiff appears to contend that Defendant Reed violated his due process rights by "charging" Plaintiff with plagiarism "without first establishing any formal proceeding for recourse." (Id., pp. 8 – 9.) Plaintiff requests declaratory and injunctive relief for Defendant Reed's "tortuously intentional, defamatory, and libelous conduct." (Id., pp. 3, 8, 12 – 13.)

As Exhibits, Plaintiff attaches the following: (1) A copy of the Homework Assignment 2 (Document No. 1-1.); (2) A copy of Plaintiff's answers to Homework Assignment 2 (Document No. 1-2.); (3) A copy of a letter from the Community & Technical College at Institute of Technology West Virginia University regarding review of Plaintiff's Regents BA status (Document No. 1-3.); (4) A copy of a blank Federal Student Aid form (Document No. 1-4.); and (5) A copy of Plaintiff's Proposed Summons for Defendant Reed (Document No. 1-6.).

On August 28, 2019, Plaintiff filed his "Declaration for Entry of Default." (Document No. 3.) Plaintiff states that he filed the above action on July 23, 2019, and Defendant Reed has made no attempt to answer Plaintiff's claims. (Id.) Plaintiff, therefore, requests that the Court enter default judgment against Defendant Reed. (Id.) On September 16, 2019, Plaintiff filed his "Motion for Judgment by Default." (Document No. 4.) Plaintiff states that he filed the above action on July 23, 2019, and Defendant Reed "was provided with explicit and clear notice of Plaintiff's Civil Action Complaint." (Id.) Plaintiff states that Defendant Reed has made no attempt to answer Plaintiff's claims. (Id.) On October 15, 2019, Plaintiff filed further documentation in support for his request for default. (Document No. 5.) Specifically, Plaintiff again states that Defendant Reed has not responded to Plaintiff's Complaint. (Id.)

**STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett

v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

**DISCUSSION**

**1.    Motions for Default Judgment:**

In his Motions and supporting documents, Plaintiff argues that he is entitled to default judgment because Defendant Reed has not filed a responsive pleading to Plaintiff's Complaint. (Document Nos. 3 - 5.) Plaintiff states that he filed the above action on July 23, 2019, and Defendant Reed "was provided with explicit and clear notice of Plaintiff's Civil Action Complaint." (Id.) Plaintiff, however, states that Defendant Reed has made no attempt to answer Plaintiff's claims. (Id.)

Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . .." After reviewing all of the pleadings and filings in this case, the undersigned finds that Defendant Reed has not defaulted by failing to respond to Plaintiff's Complaint. The record reflects that Defendant Reed has not yet been properly served with process, and thus was

not required to respond to Plaintiff's Complaint. The Docket Sheet confirms that Plaintiff filed his Complaint, and proposed Summons for Defendant Reed, on July 23, 2019. (Document Nos. 1 and 1-6.) As explained above, Plaintiff is a *pro se* prisoner subject to the screening requirements of Section 1915A. See Palacio v. Hofbauer, 106 Fed.Appx. 1002 (6th Cir. 2004)(Courts should screen all civil actions filed by prisoners); Randolph v. Campbell, 25 Fed.Appx. 261 (6th Cir. 2001)("Screening procedures established by the Prison Litigation Reform Act apply whether plaintiff has paid the entire filing fee or is proceeding in forma pauperis"); Bragg v. Sweeney, 2018 WL 1309730, * 2 (S.D.W.Va. 2018)(J. Goodwin)(Section 1915A screening is conducted notwithstanding the payment of any filing fee); Onapolis v. Lamanna, 70 F. Supp.2d 809 (N.D. Ohio Oct. 8, 1999)("Under Prison Litigation Reform Act, district courts are required to screen all civil case brought by prisoners"). Although Plaintiff submitted a proposed Summons for Defendant Reed, the record clearly reveals that this Court has **not** ordered the Clerk to issue a Summons for Defendant Reed. Thus, any attempted service by Plaintiff of the proposed Summons is invalid. Plaintiff's Motions for Default were clearly filed prior to the proper service of process on Defendant Reed and, thus, Defendant Reed had no obligation to "plead or otherwise defend" against the Complaint. Accordingly, Plaintiff's Motions for Default (Document Nos. 3 and 4) should be denied.

**2.      Section 1983 Claim:**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy

for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived her of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

    **A.    Defamation:**

Plaintiff alleges that on his Homework Assignment 2, Defendant Reed gave Plaintiff a grade of 40% and noted "this is plagiarism; this is unacceptable at any college; you absolutely cannot do this again." (Document No. 1, p. 10.) Plaintiff claims that Defendant Reed's "written and publicized words" resulted in defamatory and libelous conduct. (Id.)

Although Plaintiff claims that Defendant Reed's above conduct resulted in a constitutional violation, Plaintiff fails to explain how his constitutional rights were violated. To the extent Plaintiff is claiming that Defendant Reed defamed his character in violation of a federally protected right, his claim is without merit. See Siegert v. Gilley, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794, 114 L.Ed.2d 277 (1991)("Defamation, by itself, is a tort actionable under the laws of most states, but not a constitutional deprivation."); Paul v. Davis, 424 U.S. 693, 712, 96 S.Ct. 1155, 1165 - 66, 47 L.Ed.2d 405 (1976)(finding that "any harm or injury to [Plaintiff's interest in his reputation], even where as here inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law"); Saunders v. Dickerson, 2008 WL 2543428 *2 (E.D.Va. Jun. 25, 2008)(stating that "[p]laintiff's reputation is protected through state tort law, and a mere allegation of damage to one's reputation and character fails to implicate any liberty or property interests protected by the Constitution"); Sterne v. Thompson, 2005 WL

2563179 at *4 (E.D.Va.)("It is well established that a defamatory statement and a concomitant injury to reputation, by themselves, are insufficient to support a *Bivens* claim under the Fifth Amendment."); Miller v. Jack, 2007 WL 2050409 (N.D.W.Va. Jul. 12, 2007)(finding that "damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege, or immunity secured to him by the Constitution or the laws of the United States"). Therefore, Plaintiff's claim that Defendant Reed violated his constitutional rights by defaming Plaintiff should be dismissed for failure to state a claim.

    **B.**    **Due Process Claim:**

Next, Plaintiff argues that Defendant Reed violated his right to due process by "charging" and "convicting" Plaintiff of plagiarism "without first establishing any formal proceeding for recourse." (Document No. 1, pp. 8 – 9.) Plaintiff argues that even though he is attempting to bring a civil action, Plaintiff emphasis that "only prosecutors are permitted to charge a suspect on probable cause alone, but even then, the accused is afforded a preliminary hearing to determine the validity of the accusations alleged." (Id.) The record is void of any indication that Plaintiff was charged or conviction of plagiarism as part of any criminal proceeding. Thus, the full panoply of rights due a defendant in criminal proceedings does not apply to the circumstances alleged by Plaintiff in this civil action.

The Fourteenth Amendment, however, bars states from depriving any person of life, liberty, or property without due process of law. See U.S. Const. amend. XIV. In order to prevail on a due process claim, a plaintiff must show that the government has interfered with a protected liberty or property interest and that the procedures that led to the deprivation were constitutionally sufficient. Thus, plaintiff must first demonstrate that he had a protected liberty interest. The fact

of conviction and imprisonment implies the inmate's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Id. (emphasis added) To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted).

First, the undersigned finds that Plaintiff has no liberty interest in being free from allegations of plagiarism during his enrollment in a higher education program. Second, the undersigned finds that Plaintiff has no liberty interest in participating in a higher education program during his imprisonment. It is well recognized that inmates have no constitutional right to education opportunities while incarcerated. Rhodes v. Chapman, 452 U.S. 337, 348, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981)(No Eighth Amendment right to classes); Women Prisoners of

9

District of Columbia Dept. of Corr. v. District of Columbia, 93 F.3d 910, 927 (D.C. Cir. 1996)(inmates does not have a constitutional right to work or education opportunities); Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988)(finding no constitutional right to basic educational or vocational training programs); Hernandez v. Johnson, 833 F.2d 1316 (9th Cir. 1987)(no due process right to classes); Rivera v. Byars, 2013 WL 4695637, * 5 (D.S.C. August 30, 2013)("The law is well settled . . . that an inmate has no constitutional right to participate in an educational or rehabilitative program."); Quarles v. Dillman, 2011 WL 1869961, * 2 (W.D. Va. May 16, 2011)("[I]nmates have no constitutional right to job or educational opportunities while incarcerated."); and Gholson v. Murry, 953 F. Supp. 709, 716 (E.D.Va. 1997)(finding that the denial of work opportunities and certain education programs did not impose an atypical and significant hardship on inmates placed in segregation in relation to the ordinary incidents of prison life). The denial of such privileges are matters clearly contemplated by Plaintiff's original sentence. See Gaston v. Taylor, 946 F.2d 340, 343(4th Cir. 1991)(To safely and efficiently run the prison, prison officials maintain broad discretion over an inmate's "location, variations of daily routines, changes in conditions of confinement (including administrative segregation), and the denial of privileges"); Hatch v. District of Columbia, 184 F.3d. 846, 855 (D.C. Cir. 1999)(stating that "the transfer of an inmate to less amenable and more restrictive quarter for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence"). Furthermore, Plaintiff acknowledges that he was not involuntarily terminated from the higher education program. Plaintiff states that he voluntarily withdrew from the program because Defendant Reed "destroyed his academic reputation at Ashland University." (Document No. 1, p. 8.) Accordingly, the undersigned finds that Plaintiff's due process claim should be dismissed for failure to state a claim.

  **C.** **State Law Claim:**

  Viewing Plaintiff's claim against Defendant Reed as constituting a tort claim of libel or slander under West Virginia law, the undersigned finds that District Court should decline to exercise supplemental jurisdiction over such claims. The District Court has supplemental jurisdiction over State law claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." United Mineworkers of America v. Gibbs, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)(Citation omitted.) The undersigned respectfully recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's above state law claim because Plaintiff has failed to state any other claim for which relief can granted over which the District Court has original jurisdiction.

### PROPOSAL AND RECOMMENDATION

  The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motions for Default Judgment (Document Nos. 3 and 4), **DISMISS** Plaintiff's Complaint (Document No. 1), and remove this matter from the Court's docket.

  The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings

and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Dated: November 6, 2019.

Omar J. Aboulhosn
United States Magistrate Judge